UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RUBIK ATAMIAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:15-CV-00365 |
| § | |
| UNIVERSITY OF TEXAS - PAN § | |
| AMERICAN, *et al*, § | |
| § | |
| Defendants. § | |

# OPINION

The Court now considers Rubik Atamian's ("Plaintiff") "motion for a new trial,"[1] as well as Cynthia Brown ("Brown"), Havidán Rodríguez ("Rodríguez"), and Guy Bailey's ("Bailey") (collectively "Defendants") response.[2] After duly considering the record and relevant authorities, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

This is an employment case which Plaintiff filed pursuant to 42 U.S.C. 1983.[3] Plaintiff's initial suit also included claims against Defendant University Texas-Pan American ("UTPA") alleging violations of Title VII of the Civil Rights Act of 1964 and breach of contract.[4] This Court granted a Federal Rules of Civil Procedure ("Rule") 12(c) motion dismissing the breach of contract and Title VII claims and thus dismissing UTPA from the case.[5] The Court subsequently granted summary judgment as to the remaining §1983 claims.[6] The Court thereafter issued a

---

[1] Dkt. No. 47.
[2] Dkt. No. 48.
[3] *See* Dkt. Nos. 1-5, 20.
[4] *Id.*
[5] Dkt. No. 34.
[6] Dkt. 45.

final judgment,[7] Plaintiff filed the instant motion,[8] and Defendants timely responded,[9] rendering the instant motion ripe for review. The Court now turns to its analysis.

## II. LEGAL STANDARD

Plaintiff's motion was filed within twenty-eight days of this Court's final judgment, thus it is analyzed under Rule 59.[10] Rule 59 relief is an "extraordinary remedy" that should be used sparingly.[11] In order to gain relief, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[12] Relief may also be appropriate if there was an intervening change in controlling law.[13]

## III. ANALYSIS

Here, Plaintiff does not set forth any intervening change in the law nor submit any evidence that could not have previously been submitted. In the present motion Plaintiff raises arguments that were already made and addressed by the Court or new arguments that Plaintiff could and should have raised before entry of final judgment. None of Plaintiff's arguments identify any patent errors of law or fact committed by this Court; thus a new trial is unwarranted. Nonetheless the Court will briefly address each of Plaintiff's contentions in turn.

First, Plaintiff indicates that the Court made an error of law in its application of *Gibson v. Kilpatrick*.[14] Plaintiff argues that *Gibson* stands for the contention that in determining whether speech is a matter of public concern, the issue is who is being sued, and that in this case

---

[7] Dkt. No. 46.
[8] Dkt. No. 47.
[9] Dkt. No. 48.
[10] *See* Dkt. Nos. 46 & 47.
[11] *See Starr Surplus Lines Ins. Co. v. Seibert Enterprises, LLC*, 2017 WL 3877213, at *1 (S.D. Tex. Sept. 5, 2017). (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).
[12] *Starr Surplus Lines Ins. Co.*, 2017 WL 3877213, at *1 (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)).
[13] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).
[14] 838 F.3d 476, 485 (5th Cir. 2016).

Plaintiff's suit was against a public entity and therefore would constitute a matter of public concern.[15] Plaintiff is mistaken. In *Gibson* the analysis focused on the *content* of the suit and stated that courts should determine whether the relief sought was personal in nature and whether personal or public concerns predominate.[16] Here, as the Court reasoned in its order on summary judgment, Plaintiff only sought personal relief and the suit concerned Plaintiff's personal employment, and thus did not implicate a matter of public concern.[17]

Plaintiff also argues that the Court erred in its ruling on summary judgment because it failed to address two cases raised by Plaintiff in his response.[18] However, rather than contradicting the Court's ruling, the cases raised by Plaintiff,[19] both support the idea that in order for speech to be a "matter of public concern" the content of that speech must implicate issues beyond an employment dispute. The mere fact that the Court did not specifically respond to all the cases raised by Plaintiff does not indicate an error of law.

Additionally, Plaintiff argues that the Court committed an error of fact in finding that the speech involved in his lawsuit against UTPA was not in close temporal proximity to his being denied the position he sought.[20] As an initial response, the Court notes that its findings on the lack of sufficient temporal connection between the lawsuit and the adverse employment decision were conducted *arguendo* because the Court had already concluded that Plaintiff's speech was not a matter of public concern.[21] Regardless, Plaintiff's arguments are not persuasive. Plaintiff argues that the Court should measure the temporal connection between the time his suit was

---

[15] Dkt. No. 47 pp. 2–3, ¶ 8.
[16] *Gibson*, 838 F.3d at 485.
[17] *See* Dkt. No. 45 p. 13.
[18] Dkt. No. 47 p. 3, ¶ 10.
[19] *Moray v. City of Yonkers*, 924 F. Supp. 8, 11 (S.D.N.Y. 1996) (public employee allegation of racism qualified as speech involving matter of public concern); and *Davis v. Ector County, Texas*, 40 F.3d 777, 783 (5th Cir. 1994) (report of sexual harassment perpetrated on public employees is of public import).
[20] Dkt. No. 47 p. 4, ¶ 15.
[21] Dkt. No. 45 p. 17–20.

dismissed and when he was denied employment.²² However, *dismissing* a lawsuit is not an act of speech. The Court measured the temporal proximity between the time the lawsuit was filed and the adverse employment decision.²³ Plaintiff provides no support as to why the dismissal of his suit should constitute speech or why settling a claim would trigger retaliation against him. Thus, Plaintiff's analysis does not raise any issue of fact.

Next Plaintiff requests to re-open the judgment because Bailey and Rodríguez were never deposed.²⁴ Plaintiff provides no reason why he was unable to depose these defendants during the time discovery was pending, nor does he indicate what facts he believes the depositions would reveal. Plaintiff attaches to his motion e-mail discussions between the parties regarding these depositions, but provides no analysis as to what these discussions reveal.²⁵ It is unclear what argument Plaintiff is attempting to further with these exhibits. If Plaintiff is seeking to argue that he was unable to depose these witnesses due to a disagreement with opposing counsel, Plaintiff also provides no reason why he did not timely raise this during the pendency of the case. The fact that two defendants were not deposed does not, by itself, trigger Rule 59 relief.

Plaintiff also brings several arguments relating to the Title VII and breach of contract claims that were dismissed. Plaintiff argues that the Court applied the wrong pleading standard when it dismissed Plaintiff's Title VII claim because it relied on *Clark County School District v. Breeden*.²⁶ Plaintiff argues that *Breeden* was disposed of on summary judgment and it was an error of law for the Court to rely on that case in a motion to dismiss.²⁷ Plaintiff appears to be arguing that the Court required Plaintiff to state a *prima facie* case under the *McDonnell Douglas*

---

²² Dkt. No. 47. p. 4, ¶ 15.
²³ Dkt. No. 45 p. 17–20.
²⁴ Dkt. No. 47. p. 4, ¶ 15.
²⁵ *Id*. Exhs. 3 & 4.
²⁶ 532 U.S. 268, 274 (2001).
²⁷ Dkt. No. 47 p. 4, ¶ 19.

framework, which is an evidentiary standard regarding burden of proof.[28] However, the mere fact that the Court cited to a case that was decided on summary judgment does not indicate that the Court applied the wrong pleading standard.

In analyzing a Rule 12(b)(6) motion, courts consider whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."[29] That is exactly the standard that the Court applied. The Court cited to *Breeden*, among other cases, in order to establish the elements required to state a claim under Title VII and then considered whether the facts pled by Plaintiff stated a plausible claim for relief under the law.[30] The Court determined that Plaintiff's complaint failed to state such a claim because the connection between the adverse employment decision and the employer's knowledge of the protected activity was too attenuated.[31] Plaintiff's motion does not indicate the Court erred in this application of the pleading standard.

Finally, Plaintiff argues that the Court erred in dismissing his breach of contract claim. Plaintiff argues that the Court erred in its analysis of the settlement agreement between UTPA and Plaintiff.[32] Specifically, Plaintiff points to the last sentence in the confidentiality clause which states, "[t]his confidentiality agreement is binding on the *parties*." Plaintiff thus contends that both parties were bound by confidentiality requirements. However, Plaintiff takes the sentence out of context. The full sentence reads: "This confidentially agreement is binding on the parties only to the extent that it does not violate any court order, constitutional provision or statute prohibiting such confidentiality, including but not limited to the Public Information

---

[28] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (U.S. 2002) ("'In [McDonnell Douglas,] we set forth the basic allocation of burdens and order of presentation of proof in a TitleVII case alleging discriminatory treatment.'") (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252 (U.S. 1981)).
[29] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)) *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[30] Dkt. No. 34 p. 9.
[31] *Id*. The Court found that not only did the connection lack temporal proximity, but that the allegedly adverse activity occurred *before* the adverse employment decision.
[32] Dkt. No. 47 p. 5–6, ¶ 24.

Act."[33] The sentence in context clearly indicates that the confidentiality clause is only binding to the extent that it does not conflict with another statute or court order, *not* that both parties are bound by confidentiality in the same way. Read in full, the confidentiality clause binds Plaintiff and his attorneys by the requirements of confidentiality, but makes no mention of UTPA.[34] Thus Plaintiff's argument amounts to a disagreement with the Court's ruling and does not raise an issue of law or fact.

In sum, Plaintiff has not identified any manifest errors of law or fact committed by this Court in its summary judgment opinion or its ruling dismissing claims against UTPA. Plaintiff has also failed to produce any newly-discovered evidence or identify any applicable binding authorities issued after the Court's opinions. Rather, Plaintiff attempts to rehash stale (or otherwise moot) matters. Thus, reconsideration of the Court's judgment is not warranted.

## IV. HOLDING

For the foregoing reasons, Plaintiff's motion for new trial is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 10th day of May, 2018.

Micaela Alvarez
United States District Judge

---

[33] Dkt. No. 34 p. 6–7 (citing the settlement agreement).
[34] *Id.* p. 6 The clause in question states:

*"Atamian and his attorneys* agree that this Agreement (including the amount of any payment made pursuant to this Agreement) and all underlying facts made the basis of the Litigation (other than the fact the Litigation has been settled) shall be kept confidential as set out in this Agreement and shall not be publicized by *Atamian or his attorneys* by any means, including, but not limited to, any press conference or release, or discussions with former or current co-workers. Additionally, *Atamian and his attorneys* agree that neither the existence nor the settlement of the Litigation shall be admissible as evidence in any other claim, suit, or action against the Released parties. Further *Atamian and his attorneys* expressly agree that they shall not attempt to offer evidence, testimony, or otherwise interject statements tending to show the existence or the settlement of this lawsuit in any other claim, suit, or action against the Released parties." (emphasis added by Court).